**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60747
Summary Calendar

_____

JOANNE MAHAFFEY,

                                        Plaintiff-Appellant,

versus

WINSTON COUNTY SHERIFF'S DEPARTMENT;
JOHNNY HOLDINESS, individually and in his official capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CV-250-JAI
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Joanne Mahaffey appeals the magistrate judge's grant of

summary judgment dismissing her 42 U.S.C. § 1983 civil rights

suit.  Mahaffey argues that the magistrate judge erred when he

concluded that she failed to state a First Amendment civil rights

claim arising from the circumstances under which she was fired

from her position as a deputy sheriff with the Winston County,

Mississippi, Sheriff's Department.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mahaffey argues that she was fired by Sheriff Holdiness after informing him that she would not be voting for him in an upcoming election. She argues that her dismissal was therefore a political patronage dismissal in violation of the First Amendment. However, the summary judgment evidence, and in particular Mahaffey's own deposition testimony, indicates that Mahaffey and Sheriff Holdiness had a contentious relationship and there were numerous ongoing disputes on a variety of matters between Holdiness and Mahaffey. Additionally, in the same conversation in which Mahaffey informed Holdiness that she would not be voting for him, she also accused him of illegal wrongdoing. Mahaffey's only evidence that her firing was due to political patronage is her statement that in their final conversation she and Sheriff Holdiness discussed whether she would vote for him. This evidence is insufficient to defeat summary judgment, since a mere scintilla of evidence is insufficient to defeat a summary judgment motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Mahaffey has failed to set forth evidence establishing that her termination was politically motivated and therefore has failed to establish the constitutional violation of a patronage dismissal. See Correa v. Fischer, 982 F.2d 931, 932 (5th Cir. 1993).

Mahaffey has also failed to establish that her speech was otherwise protected by the First Amendment. While Mahaffey's conversation, which included allegations of wrongdoing on behalf

of a law enforcement official, may have involved a public matter, the context in which the speech occurred is more indicative of an employee embroiled in an ongoing employment dispute rather than of a private citizen intent on rooting out police corruption or of a concerned citizen voter.  See Teague v. City of Flower Mound, Tex., 179 F.3d 377, 380 (5th Cir. 1999).  Mahaffey has therefore failed to establish that her speech involved a matter of public concern and has therefore failed to establish the elements of a First Amendment retaliation claim.  See Tharling v. City of Port Lavaca, 329 F.3d 422, 426 (5th Cir. 2003).

Failure to assert the violation of a constitutional right results in the failure to overcome the defense of qualified immunity.  See Siegert v. Gilley, 500 U.S. 226, 231-33 (1991). The judgment is therefore AFFIRMED.